UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cr-20255-GAYLES/OTAZO-REYES

**UNITED STATES OF AMERICA**

v.

**DIONICO LEANDRO GARCIA CHERE**,

  Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Dionico Leandro Garcia Chere's *pro se* Emergency Motion for Compassionate Release Based on COVID-19, 18 U.S.C. § 3582(c)(1)(A), Extraordinary and Compelling Circumstances and Appointment of Counsel (the "Motion") [ECF No. 78]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND[1]

Defendant is a 42-year-old incarcerated at Correctional Institution Giles W. Dalby in Post, Texas, with an anticipated release date of February 26, 2023. On August 18, 2017, the Court sentenced Defendant to an 84-month term of imprisonment for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). [ECF No. 66 at 1–2]. The Court also imposed a three-year term of supervised release which shall commence upon his release from imprisonment. *Id.* at 3. On

---

[1] The Court liberally construes the Motion as a compassionate release request because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

October 14, 2020, Defendant filed the instant Motion seeking compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), because of the ongoing COVID-19 pandemic. [ECF No. 78]. Defendant states that extraordinary and compelling circumstances warrant his release, though he does not specify what those circumstances are. *Id.* On June 25, 2020, Defendant made his request for compassionate release with the warden of the previous facility he was placed at, [ECF No. 83-1 at 2], which was denied, *see id.* at 1, 3. Defendant's medical conditions include Type II diabetes and hypertrophic cardiomyopathy. [ECF No. 83 at 3].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because the § 3553(a) factors do not warrant Defendant's release. [ECF No. 83 at 4–5]. Specifically, the Government argues that Defendant's "serious drug trafficking offense . . . requires a strong message of general deterrence" and that there is no indication that his exposure to COVID-19 is high. *Id.* The Court finds that compassionate release is warranted and therefore shall grant the Motion.

### I.  Exhaustion of Administrative Remedies

The Court finds—and the Government concedes—that Defendant properly exhausted his administrative remedies prior to filing his Motion. Proper exhaustion requires that Defendant file a request for compassionate release with the warden of his facility and appeal the denied request. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 542.15 (outlining the administrative appeal process); 28 C.F.R. § 571.63 (defining what constitutes a "final administrative decision"). Alternatively, Defendant must show that at least thirty days have lapsed since the warden received his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Laureti*, No. 16-CR-60340, 2019 WL 7461687, at *1 (S.D. Fla. Dec. 17, 2019) ("A plain reading of the statute reflects that the Defendant may seek relief after the lapse of 30 days from the date the Warden receives the Defendant's request."). *But see United States v. Feucht*, 462 F. Supp. 3d 1339, 1341 (S.D. Fla. 2020) ("[T]he

3

30-day period should be measured from the date on which a prisoner submits his or her request to the BOP [Bureau of Prisons], not the date the request is received by the Warden.").

Here, Defendant made his request for compassionate release on June 25, 2020. *See* [ECF No. 83-1 at 2]. The request was denied on July 16, 2020 and July 21, 2020. *See id.* at 1, 3. Moreover, Defendant filed his Motion on October 15, 2020. Therefore, Defendant properly exhausted his administrative remedies prior to seeking compassionate release from the Court.

## II.     Section 3553(a) Factors

The Court finds that the § 3553(a) factors support Defendant's release. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

While the nature and circumstances of Defendant's offense are serious, he does not have a prior criminal history and had a relatively minor role in the conspiracy that resulted in his sentence. *See* [ECF No. 59]. Additionally, Defendant has served about 86% of his term of imprisonment—a little over 72 of the total 84 months. *See United States v. Pitts*, No. 16-CR-20050, 2021 WL 796271, at *3 (S.D. Fla. Mar. 2, 2021) (finding § 3553(a) factors supported release where the defendant served over 90% of his term of imprisonment). A term of 72 months' imprisonment to be followed by three years of supervised release is "sufficient, but not greater than necessary, . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A). Therefore, the § 3553(a) factors support Defendant's release.

## III. Extraordinary and Compelling Reasons

The Court also finds—and the Government concedes—that extraordinary and compelling reasons warrant Defendant's release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The application notes of § 1B1.13 of the United States Sentencing Guidelines Manual provide four categories of "extraordinary and compelling reasons" that may warrant release: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons . . . ." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Because § 1B1.13 "governs all motions under Section 3582(c)(1)(A) . . . [,] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "Thus, . . . the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *Id.*

The Government concedes in its Response that Defendant can establish extraordinary and compelling reasons warranting his release based on his medical condition. The Government states that "Defendant is a 41-year[-]old male who is diagnosed with Type II diabetes and hypertrophic cardiomyopathy." [ECF No. 83 at 3]. The Centers for Disease Control and Prevention have identified diabetes and heart conditions as being medical conditions that increase the risk of becoming very ill from contracting COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2022). Therefore, extraordinary and compelling reasons warrant compassionate release.

## IV.     Danger to the Community

The Court finds that Defendant will not be a danger to the safety of other persons or the community if he is released. *See* U.S. Sentencing Guidelines Manual § 1B1.13(2). In determining whether Defendant is a danger to the community, the Court must consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). As previously stated, Defendant does not have a prior criminal history and had a relatively minor role in the conspiracy that resulted in his sentence. *See* [ECF No. 59]. Additionally, Defendant shall surrender to the United States Immigration and Customs Enforcement for removal proceedings upon his release. *See* [ECF No. 66 at 4]. In his Reply in support of his Motion, Defendant states that he "does not live[] in the United States and will undoubtedly be deported to Ecuador after the completion of his custodial term where [he] will return to his profession as a fisherman." [ECF No. 86 at 3 ¶ 8]. Therefore, the Court finds that Defendant will not be a danger to the community and, as a result, the Motion shall be granted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Dionico Leandro Garcia Chere's *pro se* Emergency Motion for Compassionate Release Based on COVID-19, 18 U.S.C. § 3582(c)(1)(A), Extraordinary and Compelling Circumstances and Appointment of Counsel, [ECF No. 78], is **GRANTED**.

2. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody and shall surrender Defendant to the custody of the United States Immigration and Customs Enforcement for removal proceedings, consistent with the Immigration and Nationality Act, if removal proceedings have been initiated.

3. If removed, Defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while Defendant is residing outside the United States. If Defendant reenters the United States within the term of supervised release, Defendant shall report to the nearest United States Probation Office within 72 hours of Defendant's arrival.

4. Simultaneously herewith, the Court will enter an **AMENDED JUDGMENT** imposing a sentence of time served. All previously imposed terms and conditions of Defendant's supervised release shall remain in full force and effect.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE